**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

RICKEY HICE                                                          PETITIONER
ADC #149969

V.                                        NO. 5:12CV00297 JLH/JTR

RAY HOBBS, Director,                                          RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District

Judge J. Leon Holmes. Any party may serve and file written objections to this

recommendation. Objections should be specific and should include the factual or legal

basis for the objection. If the objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection. An original and one copy of

your objections must be received in the office of the United States District Clerk no

later than fourteen (14) days from the date of the findings and recommendations. The

copy will be furnished to the opposing party. Failure to file timely objections may

result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written

objections, include a "Statement of Necessity" that sets forth the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.   An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room A149
Little Rock, AR 72201-3325

## I. Introduction

Pending before the Court is a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus filed by Petitioner, Rickey Hice, an inmate in the Arkansas Department of Correction ("ADC"). *Docs. #1 & #3.* Respondent has filed two Responses, *Docs. #9 & #17*, and Petitioner has filed a Reply, *Doc. #11*. Thus, the issues are joined and ready for disposition.

Before addressing Petitioner's habeas claims, the Court will review the procedural history of the case.

On April 1, 2011, Petitioner entered a negotiated guilty plea to possessing drug paraphernalia with intent to manufacture methamphetamine, in Sebastian County Circuit Court Case No. CR2011-71.[1] He was sentenced to 168 months of imprisonment, followed by a 72-month suspended imposition of sentence. *Doc. #9-2.* His sentence was ordered to be served concurrently with three other sentences from Sebastian County Circuit Court.[2]

Importantly, only Petitioner's sentence in Case No. CR2011-71 was for an offense that required the convicted person to serve 70% of the term of imprisonment, the so-called "70% rule." *See* Ark. Code Ann. § 16-93-611(a)(1) (2009), *repealed and*

---

[1]Under Arkansas law, Petitioner could not appeal his guilty plea. *See* Ark. R. App. P-Crim. 1(a).

[2]On July 21, 2010, Petitioner entered a guilty plea to delivery of a counterfeit substance in Case No. CR2009-984, and the trial court suspended imposition of his sentence for five years. On March 30, 2011, the trial court found that Petitioner had violated the terms of his suspended sentence, revoked the suspension, and sentenced him to 180 months of imprisonment, followed by an additional 60-month suspended sentence. *Doc. #9-1.*

On April 1, 2011, Petitioner entered negotiated guilty pleas to two separate counts of delivery of methamphetamine, in Case Nos. CR2011-69 and CR2011-70. For each of those convictions, he was sentenced to 168 months of imprisonment, followed by a 180-month suspended sentence. *Doc. #9-2.*

The Court has obtained from the Sebastian County Circuit Clerk copies of the docket sheets in all of those cases. These docket sheets, marked Court's Ex. 1, are attached to this Recommended Disposition.

*replaced by* Ark. Code Ann. § 16-93-618 (2011).

Before his sentencing in Case No. CR2011-71, Petitioner and his attorney executed a Plea Statement[3] that expressly addressed the question of parole: "Neither your attorney nor the court can determine when, or if, you will be paroled. Parole eligibility is determined by statute and is interpreted by the Arkansas Department of Correction."[4]

On March 5, 2012, Petitioner filed a state habeas petition in Sebastian County Circuit Court which was construed as having been filed in all four of his Sebastian County Circuit Court cases.[5] In his habeas petition, his only argument was that he did not learn that he "had to do 70% of [his] time" until he arrived at the ADC on September 21, 2011.[6] *Court's Ex. 3.*

On March 9, 2012, the trial court entered an order dismissing Petitioner's habeas petition because: (1) he had pleaded guilty to possession of drug paraphernalia

---

[3]A copy of the Plea Statement, marked Court's Ex. 2, is attached to this Recommended Disposition.

[4]It is undisputed that the ADC subsequently determined Petitioner's sentence in Case No. CR2011-71 to be subject to the 70% rule. ADC records confirm that it is the only one of Petitioner's sentences subject to that provision. *Docs. #1 at 4; #11, at 2.*

[5]Copies of the state habeas petition and the trial court's order denying the petition, marked Court's Ex. 3 and Ex. 4, are attached to this Recommended Disposition.

[6]Because Petitioner's only conviction and sentence subject to the 70% rule was in Case No. CR2011-71, the trial court should have allowed the habeas petition to be filed only in that case.

with intent to manufacture methamphetamine in Case No. CR2011-71, which "is a 70% offense"; and (2) his claim [challenging the 70% rule] was not "an appropriate basis for a Habeas Corpus petition."[7] *Court's Ex. 4.* Petitioner did not appeal the trial court's order denying his habeas petition. *Court's Ex. 1.*

According to Petitioner, on three occasions in April and May 2012, he attempted to file a state habeas action in Pulaski County Circuit Court. *Doc. #3, at 3, 6, 7.* The only evidence provided by Petitioner to support this claim are three letters from the Pulaski County Circuit Clerk ("the Clerk"), which he attached to his § 2254 habeas papers. *Doc. #1, at 5-7.* In those letters, the Clerk acknowledges only that she has received "paperwork" from Petitioner, which he should "resubmit" so that it could be "properly process[ed]." The letters do not identify the "paperwork" Petitioner sent to the Clerk.[8]

On August 3, 2012, Petitioner initiated this § 2254 habeas action.[9] *Doc. #1.* On

---

[7]Because Petitioner was incarcerated in the Wrightsville Unit of the ADC when he filed the petition, the trial court should have dismissed the action on jurisdictional grounds and not reached the merits of Petitioner's habeas claims. *See Court's Ex. 3, at 2.*

[8]In his Response, Respondent asserts that the Clerk has no record of Petitioner ever filing a state habeas action in Pulaski County Circuit Court. *Doc. #9, at 2.* This Court has electronically accessed the Pulaski County Circuit Court's records and confirmed that its records do *not* reflect Petitioner's filing of a state habeas action, or any other type of proceeding, in Pulaski County.

[9]Petitioner's initial habeas petition was mailed in an envelope addressed to the United States District Court Clerk, and reflected his return address in the ADC. However, his claims were written on a form used for filing a state habeas petition, and it was

August 10, 2012, this Court ordered Petitioner to file an Amended Petition correcting several deficiencies in his habeas papers.[10] *Doc. #2.*

On August 29, 2012, the Court received Petitioner's Amended Petition, which he submitted on the § 2254 form. *Doc. #3.* On September 5, 2012, the Court received Petitioner's properly completed and signed Application to Proceed *In Forma Pauperis*. *Doc. #4.* On September 10, 2012, the Court directed service of Petitioner's § 2254 habeas petition on Respondent. *Doc. #5.*

On October 8, 2012, Respondent filed his Response, in which he argued that Petitioner habeas claims were time-barred. *Doc. #9.* In Petitioner's Reply, filed on October 19, 2012, he sought to overcome the statute of limitations issue by reasserting his claim that the "first time [I knew] I had to do 70% of my 15 year sentence was on 11/08/2011." He then asserted that he intended to file the unsigned August 3, 2012 habeas petition he submitted to this Court in Pulaski County Circuit Court but it "somehow ... got jumped up to" federal court. *Doc. #11.* He made no attempt to explain why, after the Court returned the unsigned habeas petition to him, he

---

captioned for filing in the Pulaski County Circuit Court. Although Petitioner signed the certificate of service, he did not sign the petition itself. *Doc. #1.*

[10]The Court provided Petitioner with the correct form for filing a federal § 2254 petition and advised him that, *if he wished to proceed with the § 2254 action*, he must fully complete the § 2254 form, sign it, and return it with the filing fee or a motion for leave to proceed *in forma pauperis*. *Doc. #2.*

completed the enclosed § 2254 habeas form and filed it, along with an IFP application, in federal court, *not* state court. He also did not request this Court to dismiss his § 2254 habeas action so that he could refile his petition as a state habeas action in Pulaski County Circuit Court. On January 7 and 24, 2013, Petitioner filed two papers requesting this Court to conduct a hearing on his § 2254 habeas claim. *Docs. #13 & #15*.

Based on this record, it is clear that Petitioner *knew* he was initiating a federal habeas action, on and after August 3, 2012, which he wanted this Court to hear and decide. Furthermore, the Pulaski County Circuit Court records make it clear that, after Petitioner filed his October 19, 2012 Reply claiming that his unsigned August 3, 2012 habeas petition "somehow ... got jumped up to" federal court, *he never filed a state habeas petition in Pulaski County Circuit Court*.

Liberally construing Petitioner's habeas papers, he alleges that, because he was unaware when the sentence was imposed that it would be subject to the 70% rule, his "sentence" was "invalid," obtained by fraud, and violated his right to equal protection of the laws. *Doc. #3, at 5-9*. According to Petitioner, during his "trial," he "was told" by unidentified individuals that he would serve "1/2 of 1/2 of the 15 year sentence." However, when he arrived at the ADC, he discovered that he would have to serve 70% of the sentence before becoming eligible for transfer, which were not the terms of his

"Plea Agreement." *Id. at 5.* Petitioner never identifies the specific case in which this sentence was imposed. However, as previously explained, the *only* offense for which he was convicted and which is covered by the 70% rule is "possession of drug paraphernalia with intent to manufacture methamphetamine" in Case No. CR2011-71.

Finally, Petitioner argues that this Court should reduce his imprisonment term to "what [he] agreed to in court which was 1/2 of 1/2 on a 15 year sentence." *Id. at 15.* He alleges that he "would not have pleaded guilty" to the charges if he "had known about the 70% time." *Doc. #11.* Because his 168-month sentence in Case No. CR2011-71 is for an offense covered by the 70% rule, he has standing to assert such a claim.

 For the reasons discussed below, the Court concludes that Petitioner's habeas claims are time-barred and should be dismissed.

## II. Discussion

A state prisoner seeking to challenge his state court conviction in federal court must file a petition for habeas relief within one year after the state judgment of conviction becomes final by conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

Petitioner's Judgment and Commitment Order in Case No. CR2011-71 was

filed with the Sebastian County Circuit Court on April 7, 2011. Because he entered a guilty plea, Petitioner waived his right to appeal under Arkansas law. Thus, for purposes of § 2244(d)(1)(A), his conviction was "final" on April 7, 2011. From that date, Petitioner had one year, until April 7, 2012, to file this federal habeas action.

Petitioner initiated this action on August 3, 2012, almost four months after the expiration of the one-year statute of limitations.

The federal limitations period is tolled while a "*properly filed*" application for post-conviction relief is pending in state court.[11] 28 U.S.C. § 2244(d)(2). On March 5, 2012, Petitioner initiated a state habeas action in Sebastian County. However, at the time he filed that action, he was incarcerated at the ADC's Wrightsville Unit in Pulaski County. Because a state habeas petition must be filed in the county where the petitioner is incarcerated, the Sebastian County habeas action was not "properly filed" and had no tolling effect. *See Lewis v. Norris*, 454 F.3d 778, 780-81 (8th Cir. 2006) (Arkansas state habeas petition filed in the wrong county was not "properly filed" and did not toll the federal statute of limitations; federal habeas courts must determine independently whether state court proceedings are "properly filed," even if the state

---

[11]A state post-conviction application is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings," including "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

courts treat them as such).

In April and May of 2012, Petitioner attempted to file a state habeas action in Pulaski County Circuit Court. However, the Pulaski County Circuit Clerk returned his "paperwork" with instructions that it required changes before it could be filed.[12] According to Pulaski County Circuit Court records, Petitioner never submitted a habeas petition in a form that allowed it to be filed. Thus, the "paperwork" Petitioner submitted to the Pulaski County Circuit Court, in April and May of 2012, did not toll the federal limitations period.

In some circumstances, the one-year limitations period does not begin to run until the date on which "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The factual predicate of a claim is determined by the "vital facts" underlying that claim. *Earl v. Fabian*, 556 F.3d 717, 725 (8th Cir. 2009). The Court has considered whether Petitioner can avail himself of this exception, based on his assertion that the first time he learned he had to serve 70% of his imprisonment term was on November 8, 2011, after he arrived at the ADC to begin serving his sentence.

As previously explained, on April 1, 2011, Petitioner pleaded guilty to

---

[12]Petitioner contends this "paperwork" was a state habeas petition. For purposes of this analysis, the Court accepts that contention as being true. Although the Clerk returned those papers to him, with instructions on how they could be resubmitted, he never refiled his state habeas petition.

possession of drug paraphernalia with intent to manufacture methamphetamine, under Ark. Code Ann. § 5-64-403, and was sentenced to 168 months in the ADC. His Judgment and Commitment Order, which was entered on April 7, 2011, explicitly stated that he was being sentenced under Ark. Code Ann. § 5-64-403, *which is one of the offenses that is listed in Ark. Code Ann. § 16-93-611 as being subject to the 70% rule.*[13] When an individual commits a criminal act, he is presumed to know the law prohibiting that act, and the consequences arising from its commission. *See Atkins v. Parker*, 472 U.S. 115, 130 (1985) ("All citizens are presumptively charged with knowledge of the law.").

Through the exercise of due diligence, Petitioner clearly could have and should have discovered the "vital facts" underlying his claim *before* he entered his guilty plea and was sentenced on April 1, 2011. Had he done so, he would have known that: (1) the offense to which he was going to plead guilty was subject to the "70% rule"; and (2) the contrary information he allegedly was provided, by unidentified individuals

---

[13]In pertinent part, § 16-93-611(a)(1) provided that: "[A]ny person who is found guilty of or pleads guilty or nolo contendere to subdivisions (a)(1)(A)-(G) of this section shall not be eligible for parole or community punishment transfer ... until the person serves seventy percent (70%) of the term of imprisonment to which the person is sentenced: ... (G) *possession of drug paraphernalia with the intent to manufacture methamphetamine, § 5-64-403(c)(5).*" (Emphasis added.)

Section 16-93-611(a)(1) was enacted in 1999, long before Petitioner committed the offense in 2011, and later pleaded guilty. *See Rowe v. Hobbs*, 2012 Ark. 244, at 6-7 (reviewing legislative history of provisions adding methamphetamine-related crimes to § 16-93-611).

at his plea hearing, was simply not true.

In addition, the Plea Statement, signed by Petitioner and his attorney, expressly stated that "[n]either [his] attorney nor the court can determine when, or if, [he] will be paroled," and that parole eligibility is determined "by statute" and "interpreted by" the ADC. *Court's Ex. 2*. Finally, in the Plea Statement, Petitioner explicitly acknowledged that he had read and understood "everything on this paper." *Id.*[14]

Thus, at the time his conviction and sentence became final, Petitioner either knew or was in a position to discover, through "the exercise of due diligence," all of

---

[14]The Sebastian County Circuit Clerk has informed the Court that there is no transcript or audio recording of the April 1, 2011 plea hearing in Case No. CR2011-71.

This Court has obtained and reviewed the only available documents related to the April 1, 2011 plea hearing, which include the following: (1) the minutes of the plea hearing, as reflected on the docket sheet, *Court's Ex. 1*; (2) the Plea Statement filed in open court on April 1, 2011, *Court's Ex. 2*; (3) the Judgment and Commitment Order, filed on April 7, 2011, *Doc. #9-2*; (4) a "Plea Disposition Sheet," completed by the court clerk during the plea hearing; (5) the "Prosecutor's Report/Penitentiary Synopsis," filed on April 7, 2011; (6) a letter from Petitioner dated May 19, 2011, asking about "paperwork" on one of his other sentences, but not mentioning parole eligibility; (7) an undated letter from Petitioner, seeking jail credit for a period of time after March 30, 2011, but not mentioning parole eligibility; and (8) an order from the trial court, filed October 17, 2011, denying the request for jail credit. Items (4) through (8), collectively marked Court's Ex. 5, are attached to this Recommended Disposition.

Nothing in these documents suggests that any representations were made to Petitioner, at the April 1, 2011 plea hearing, regarding parole eligibility on the sentence imposed in Case No. CR2011-71. Furthermore, his allegation that someone told him he would only serve "1/2 of 1/2" of the sentence imposed in Case No. CR2011-71 is *in direct conflict with* the signed Plea Statement, which explicitly states that neither the trial court nor Petitioner's attorney is in a position to determine "when, or if, [Petitioner] will be paroled" or his parole eligibility, which is governed by Arkansas statute as interpreted by the ADC.

the facts giving rise to the habeas claim he is now asserting. This means, under §
2244(d)(1)(D), he is not entitled to any delay in the one-year limitations period, which
began to run on April 7, 2011.

Finally, because § 2244(d) is a statute of limitations, not a jurisdictional bar, a
petitioner may be entitled to equitable tolling if he can show that: (1) he has been
"pursuing his rights diligently," but (2) "some extraordinary circumstance stood in his
way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2560, 2562
(2010). Petitioner has not argued that he is entitled to any equitable tolling, and the
Court can discern no factual basis to support such a claim.

First, it does not appear that Petitioner has pursued his rights diligently. Even
accepting his assertion that, on November 8, 2011 – seven months after his sentence
was imposed – he first learned that the sentence was subject to the 70% rule,[15] he
delayed four more months before filing a state habeas petition in Sebastian County
Circuit Court; did not appeal the denial of state habeas relief; made an unsuccessful
attempt to file a state habeas action in Pulaski County Circuit Court; and then waited
several more months before initiating this federal habeas action. This simply does *not*
show diligence. *See Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005) (petitioner failed

---

[15]The Court notes that this date is inconsistent with Petitioner's assertion, in his
state habeas petition, that he first learned about the 70% rule on September 21, 2011. *See
Court's Ex. 3*.

to pursue his rights diligently where he waited years before filing a state post-conviction petition, then waited five more months after his post-conviction proceedings became final before seeking federal habeas relief); *Nelson v. Norris*, 618 F.3d 886, 893 (8th Cir. 2010) (no diligence where petitioner did not file his federal habeas petition until nine months after state supreme court denied rehearing in his post-conviction proceeding); *Earl*, 556 F.3d at 724 (no equitable tolling where petitioner waited to file his federal petition until eight months after receiving notice that his judgments were final).

Second, there do not appear to be any "extraordinary circumstances" that prevented Petitioner from timely filing this federal habeas action, as required by *Holland*. The Eighth Circuit has repeatedly held that a petitioner's pro se status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law, does *not* justify equitable tolling. *See, e.g., Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004).

Accordingly, all of Petitioner's habeas claims are time-barred.[16]

---

[16]*See Reed v. Hobbs*, 2012 WL 1593963, at *2 (E.D. Ark. Apr. 9, 2012) (No. 5:11CV00318-DPM-BD) (no delayed starting date under § 2244(d)(1)(D) where, through the exercise of due diligence, habeas petitioner could have discovered before he pleaded guilty that his sentence would fall under Arkansas's 70% rule); *Procella v. Norris*, 2008 WL 5401677, at *2 (E.D. Ark. Dec. 24, 2008) (No. 5:06CV00304-JTR) (although habeas petitioner claimed that he learned of the 70% rule after expiration of the federal one-year

## III. Conclusion

IT IS THEREFORE RECOMMENDED that this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus and Amended Petition, *Docs. #1 & #3*, be DENIED and this case be DISMISSED, WITH PREJUDICE.

IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

DATED THIS 27th DAY OF June, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

---

limitations period, his lack of legal knowledge did not provide a basis for equitably tolling the statute of limitations).

```
DATE: 10/21/13      11:20:22                    CRIMINAL DOCKET              CASE    CR 09-00984 A F-6
```

----------------------------------------------------------------------------------------------------------

| STATE OF ARKANSAS | ATTORNEYS | OFFENSE | DATE OF FILING |
|---|---|---|---|

----------------------------------------------------------------------------------------------------------

```
                                                              DELIVERY OF COUNTERFEIT SUBSTANCE   2/02/11
                                                              5-64-401, CLASS B FELONY

   RICKEY EARL HICE                        PUBLIC DEFENDER
OTHER INTERESTED PARTY
RICKEY EARL (SIG) HICE                          BB
```

----------------------------------------------------------------------------------------------------------

| REMARKS | DATE OF ORDERS | ORDERS OF COURT | BOOK VOL PAGE | PROCESS SERVICE |
|---|---|---|---|---|

----------------------------------------------------------------------------------------------------------

```
    10                   8/26/09 AFFIDAVIT FOR WARRANT OF ARREST FILED W/COVER SHEET
                                 ARREST WARRANT ISSUED # 2009-5977
                                 ($7500 L/S BOND)
    30                   9/02/09 ARREST WARRANT RETURN
                                 DEFT ARRESTED 09-01-09
    40                   9/02/09 ARRAIGNMENT BEFORE JUDGE STEPHEN TABOR -- PUBLIC DEF APPT'D/ NOT
                                 GUILTY/ WAIVE/ REMAIN ON BOND
    70                   9/02/09 CERTIFICATE OF INDIGENCY/ORDER
                                 DEFT'S ADDRESS: 4201 KINKEAD AVE APT 7
    20                   9/03/09 DEFT'S MOTION FOR DISCOVERY
    50                   9/03/09 SIGNATURE BOND $7,500
                                 4201 KINKEAD #7
                                 FSA 72903
    60                   9/14/09 INFORMATION FILED
    80                   2/04/10 NOTICE TO COUNSEL -- PLEA/TRIAL REQUEST W/CONFIRMATIONS
                         Court-Date: 4/14/10 Time: 10:00 Type: MANDATORY      Jdg #: 1 Day Of The Week: WEDNESDAY  Continue:
    90                   4/14/10 MANDATORY APPEARANCE BEFORE JUDGE STEPHEN TABOR -- DEFT FAILED TO
                                 APPEAR -- BW/ BF/ $5000 CASH ONLY BOND TO BE ISSUED
   100                   4/15/10 FAILURE TO APPEAR @ MANDATORY APPEARANCE
                                 BENCH WARRANT ISSUED # 2010-2686
                                 ($5000 CASH ONLY BOND)
   110                   4/29/10 FTA BENCH WARRANT RETURN
                                 DEFT ARRESTED 04-28-10
   120                   5/05/10 ARRAIGNMENT BEFORE JUDGE STEPHEN TABOR --
                                 PD APPTD/NOT GUILTY/WAIVE/$5K CASH BOND
   130                   5/07/10 CT ADMIN'S LTR TO COUNSEL ADVISING CASE HAS BEEN RESCHEDULED FOR
                         Court-Date: 6/02/10 Time: 10:00 Type: MANDATORY      Jdg #: 1 Day Of The Week: WEDNESDAY  Continue:
                                 PLEA/TRIAL REQUEST
   140                   5/13/10 MOTION FOR DISCOVERY -- FILED BY PUBLIC DEFENDER
   150                   6/02/10 MANDATORY APPEARANCE BEFORE JUDGE STEPHEN TABOR -- CASE IS SET FOR
                                 TRIAL THE WEEK OF AUGUST 2,2010 WITH A PLEA DEADLINE OF JULY 20,2010
                                 **DEFT'S BOND LOWERED TO $2500 L/S BOND**
   160                   6/02/10 LTR FROM CT ADMN TO COUNSEL ADVISING THAT CASE IS SET FOR JURY
                                 TRIAL THE WEEK OF 08-02-10; CUTOFF DATE OF 07-20-10
   170                   6/15/10 J.E. BONDING, INC -- $2500
                                 PO BOX 485
                                 HIGDEN, AR 72067
   180 *****             7/21/10 DEFT APPEARS W/PD RITA WATKINS BEFORE JUDGE J.MICHAEL FITZHUGH AND
                                 PLEADS GUILTY TO DEL COUNTERFEIT SUBSTANCE - B FELONY. IMPOSITION OF
                                 SENTENCE IS SUSPENDED FOR 5 YRS. BASED ON G/B. RESTITUTION/$100 @
                                 $50/MTH BEG AFTER PD FEE. F/$1000 CC/$150 JAIL FEE/$31 DTF/$125 @
                                 $50/MTH BEG AFTER RESTITUTION. DNA REQ. FEE FROM FINE. OBTAIN G.E.D.
                                 THRU DCC. DRIVER'S LICENSE SUSPENDED FOR 6/MTHS W/PERMIT TO & FROM
                                 WORK & G.E.D. $100 PD FEE @ $50/MTH BEG 10-10-10.
```



EXHIBIT
1

DATE: 10/21/13       11:20:22                    CRIMINAL DOCKET                          CASE    CR 09-00984 A F-6

----------------------------------------------------------------------------------------------------------------
      REMARKS          DATE OF                      ORDERS OF COURT                                BOOK     PROCESS
                       ORDERS                                                                    VOL PAGE   SERVICE
----------------------------------------------------------------------------------------------------------------

190                    7/21/10 TERMS AND CONDITIONS OF SUSPENDED SENTENCE
                               PLEA STATEMENT
200                    7/21/10 ORDER -- DEFT'S DRIVER'S LICENSE IS SUSPENDED FOR 6/MTHS W/PERMIT TO
                               AND FROM WORK & G.E.D.
210                    7/23/10 JUDGMENT AND DISPOSITION ORDER
220                    2/02/11 PETITION TO REVOKE AND/OR SHOW CAUSE
                               BENCH WARRANT ISSUED # 2011-732
                               ($10,000 SIGNATURE BOND)
230                    2/08/11 PTR BENCH WARRANT RETURN
                               DEFT ARRESTED 02-07-11
240                    2/08/11 AMENDED PETITION TO REVOKE AND/OR SHOW CAUSE
250                    2/10/11 CT ADMIN'S LTR TO DEFT ADVISING CASE IS SET FOR ARRAIGNMENT
                       Court-Date: 2/16/11 Time: 9:00 Type: ARRAIGNMENTS       Jdg #: 6 Day Of The Week: WEDNESDAY Continue:
260                    2/16/11 CERTIFICATE OF INDIGENCY/ORDER
                               DEFT'S ADDRESS: 1105 N 37TH STREET FSM.AR
270                    2/16/11 ARRAIGNMENT BEFORE JUDGE JAMES O. COX-- PUBLIC DEFT APPT'D/CONTEST PTR
                               WAIVE/ REMAIN ON BOND
280                    2/18/11 NOTICE TO COUNSEL -- PTR HEARING
                       Court-Date: 3/30/11 Time: 14:00 Type: HEARINGS          Jdg #: 6 Day Of The Week: WEDNESDAY Continue:
                               HONORABLE JAMES O. COX
                               **WITH FAX CONFIRMATIONS**
290                    2/28/11 MOTION FOR DISCOVERY -- FILED BY PUBLIC DEFENDER
300                    3/01/11 STATE'S SUBPOENA ISSUED TO:
                               * GREG NAPIER -- FSPD
                               * CONFIDENTIAL INFORMANT GREG NAPIER -- FSPD
                               * ERIC FAIRLESS -- FSPD
                               * DONNIE WARE -- FSPD
                               * DARRELL CRAGHEAD -- FSPD
                               * GEORGE LAWSON -- FSPD
                               * SCOTT CAMPBELL -- FSPD
                               DATE: MARCH 30, 2011 @ 1:30PM FOR PTR HEARING
310                    3/04/11 SUBPOENA RETURNS ON:
                               * ERIC FAIRLESS- 3/3/11 BY PERS SERVICE
                               * GREG NAPIER- 3/3/11 BY PERS SERVICE
                               * C.I.- 3/3/11 BY PERS SERVICE
                               * DONNIE WARE- 3/3/11 BY PERS SERVICE
                               * DARRELL CRAGHEAD- 3/3/11 BY PERS SERVICE
                               * GEORGE LAWSON- 3/3/11 BY PERS SERVICE
                               * SCOTT CAMPBELL- 3/3/11 BY PERS SERVICE
320                    3/28/11 APPEARANCE BOND -- $10,000 SIGNATURE
                               RICKEY EARL HICE
                               1105 NORTH 37TH STREET
                               FORT SMITH, AR 72904
330 *****              3/30/11 PETITION TO REVOKE HEARING BEFORE JUDGE JAMES O. COX -- DEFT APPEARS
                               W/PD JOHN JOPLIN. STATE BY DPA. JASON HUNTER. DEFT CONTESTS THE
                               PETITION TO REVOKE. RULE REQUESTED - GRANTED. DEFT'S MOTION TO DISMISS
                               PETITION - DENIED. WITNESSES SWORN, TESTIMONY GIVEN. COURT FINDS THAT
                               THE DEFT HAS VIOLATED THE TERMS & CONDITIONS OF HIS SUSPENDED SENTENCE
                               & HEREBY SENTENCES THE DEFT IN:
                                 CR09-984: DEL COUNTERFEIT SUBSTANCE - 'B' FELONY
                               DEFT SENTENCED TO ADC FOR 15 YRS + 5 YRS SIS. JAIL TIME CREDIT.
                               ADVISED OF RIGHT TO APPEAL.
340                    4/01/11 ORDER -- DEFT IS RELEASED & IS TO SURRENDER ON HIS PETITION TO REVOKE

| REMARKS | DATE OF ORDERS | ORDERS OF COURT | BOOK VOL PAGE | PROCESS SERVICE |
|---------|----------------|-----------------|---------------|-----------------|
| | | ON 4/15/11 BY 10:00AM | | |
| 350 | 4/05/11 | PROSECUTOR'S REPORT/PENITENTIARY SYNOPSIS | | |
| 360 | 4/05/11 | JUDGMENT AND COMMITMENT ORDER | | |
| 370 | 5/26/11 | CT ADMIN'S LTR TO DEFT | | |
| 380 | 10/17/11 | STATE'S RESPONSE TO DEFT'S MOTION FOR JAIL TIME CREDIT | | |
| 390 | 10/17/11 | ORDER DENYING MOTION FOR JAIL CREDIT | | |
| 400 | 3/05/12 | DEFT'S HABEAS CORPUS PETITION FILED PRO SE | | |
| 410 | 3/06/12 | CT ADMIN'S LTR TO PROS ATTY RE: DEFT'S PRO SE PETITION | | |
| 420 | 3/08/12 | STATE'S RESPONSE TO DEFT'S HABEAS CORPUS PETITION | | |
| 430 | 3/09/12 | ORDER: DEFT'S HABEAS CORPUS PETITION IS DISMISSED. | | |
| 440 | 4/19/12 | COURT ADMIN LETTER TO DEFT W/COPY OF DEFT'S LETTER ATTACHED | | |

```
DATE: 10/21/13      11:20:25                    CRIMINAL DOCKET                  CASE    CR 11-00069 A F-6
```

----------------------------------------------------------------------------------------------------
```
      STATE OF ARKANSAS                          ATTORNEYS        OFFENSE                     DATE OF FILING
```
----------------------------------------------------------------------------------------------------
```
                                                                 DELIVERY OF METHAMPHETAMINE         1/24/11
                                                                 5-64-401, CLASS Y FELONY

   RICKEY EARL HICE                        PUBLIC DEFENDER
OTHER INTERESTED PARTY
EXIT BAIL BONDS # 06769                          BB
```
----------------------------------------------------------------------------------------------------
```
       REMARKS          DATE OF                ORDERS OF COURT                        BOOK      PROCESS
                        ORDERS                                                      VOL PAGE    SERVICE
```
----------------------------------------------------------------------------------------------------
```
   10                 1/24/11 INFORMATION FILED
                             PER SCDC: DEFT IN SCDC
   20                 1/26/11 ARRAIGNMENT BEFORE JUDGE JAMES O. COX -- PUBLIC DEFT APPT'D/NOT GUILTY
                             WAIVE/$20,000 L/S BOND **TOTAL**
   30                 1/26/11 CERTIFICATE OF INDIGENCY/ORDER
                             DEFT'S ADDRESS: 1105 NORTH 37
                                        FORT SMITH, AR 72904
   40                 1/28/11 MOTION FOR DISCOVERY FILED BY PUB DEFENDER
   50                 2/07/11 $20,000 L/S BOND
                                 GM BAIL BONDS # 004877
                                 222 MAIN STREET
                                 VAN BUREN, AR
   60 *****          4/01/11 DEFT APPEARS W/PD JOHN JOPLIN BEFORE JUDGE STEPHEN TABOR AND PLEADS
                             GUILTY TO DEL METH - 'Y' FELONY. SENTENCED TO ADC FOR 14 YRS + 15 YRS
                             SIS. JAIL TIME CREDIT. TO RUN C/C WITH CR11-70/71 & PTR SENTENCE. DNA
                             REQ. FEE WAIVED. CAN BE RELEASED IF MAKES NEW SURRENDER BOND OF $2500
                             L/S. SURRENDER DATE IS 4/15/11 @ 10AM. DRIVER'S LICENSE IS SUSPENDED
                             FOR 6/MO W/O PERMIT. DEFT AGREES NOT TO APPEAL PTR HEARING DECISION.
   70                 4/01/11 TERMS AND CONDITIONS OF SUSPENDED SENTENCE
                             PLEA STATEMENT
   80                 4/01/11 ORDER -- DEFT'S DRIVER'S LICENSE IS SUSPENDED FOR 6/MO W/O PERMIT
   90                 4/05/11 $2500 L/S BOND
                                 EXIT BAIL BONDS # 06769
                                 PO BOX 748
                                 RUSSELLVILLE, AR
  100                 4/07/11 PROSECUTOR'S REPORT/PENITENTIARY SYNOPSIS
  110                 4/07/11 JUDGMENT AND COMMITMENT ORDER
  120                 4/21/11 FAILURE TO SURRENDER FOR ADC SENTENCE ON 4/15/11
                             BENCH WARRANT ISSUED # 2011-2818
                             (NO BOND AUTHORIZED)
  130                 4/25/11 FAILURE TO SURRENDER WARRANT RETURN
                             DEFT ARRESTED 04-23-11
  140                 5/17/11 DEFT'S LETTER TO COURT
  150                 5/26/11 CT ADMIN'S LTR TO DEFT
  160                10/17/11 STATE'S RESPONSE TO DEFT'S MOTION FOR JAIL TIME CREDIT
  170                10/17/11 ORDER DENYING MOTION FOR JAIL CREDIT
  180                 3/08/12 STATE'S RESPONSE TO DEFT'S HABEAS CORPUS PETITION
  190                 3/09/12 ORDER: DEFT'S HABEAS CORPUS PETITION IS DISMISSED.
  200                 4/19/12 COURT ADMIN LETTER TO DEFT W/COPY OF DEFT'S LETTER ATTACHED
```

```
DATE: 10/21/13      11:20:28               CRIMINAL DOCKET                CASE   CR 11-00070 A F-1
```

----------------------------------------------------------------------------------------------------

```
        STATE OF ARKANSAS                      ATTORNEYS      OFFENSE                    DATE OF FILING
```

----------------------------------------------------------------------------------------------------

```
                                                             DELIVERY OF METHAMPHETAMINE      1/24/11
                                                             5-64-401, CLASS Y FELONY

    RICKEY EARL HICE                     PUBLIC DEFENDER
OTHER INTERESTED PARTY
EXIT BAIL BONDS # 06769                      BB
```

----------------------------------------------------------------------------------------------------

| REMARKS | DATE OF ORDERS | ORDERS OF COURT | BOOK VOL PAGE | PROCESS SERVICE |
|---|---|---|---|---|
| 10 | 1/24/11 | INFORMATION FILED | | |
| | | PER SCDC: DEFT IN SCDC | | |
| 20 | 1/26/11 | ARRAIGNMENT BEFORE JUDGE JAMES O. COX -- PUBLIC DEFT APPT'D/NOT GUILTY | | |
| | | WAIVE/$20,000 L/S BOND **TOTAL** | | |
| 30 | 1/26/11 | CERTIFICATE OF INDIGENCY/ORDER | | |
| | | DEFT'S ADDRESS: 1105 NORTH 37 | | |
| | | FORT SMITH, AR 72904 | | |
| 40 | 1/28/11 | MOTION FOR DISCOVERY FILED BY PUB DEFENDER | | |
| 50 | 2/07/11 | $20,000 L/S BOND | | |
| | | GM BAIL BONDS # 004877 | | |
| | | 222 MAIN STREET | | |
| | | VAN BUREN, AR | | |
| 60 ***** | 4/01/11 | DEFT APPEARS W/PD JOHN JOPLIN BEFORE JUDGE STEPHEN TABOR AND PLEADS | | |
| | | GUILTY TO DEL METH - 'Y' FELONY. SENTENCED TO ADC FOR 14 YRS + 15 YRS | | |
| | | SIS. JAIL TIME CREDIT. TO RUN C/C WITH CR11-69/71 & PTR SENTENCE. DNA | | |
| | | REQ. FEE WAIVED. CAN BE RELEASED IF MAKES NEW SURRENDER BOND OF $2500 | | |
| | | L/S. SURRENDER DATE IS 4/15/11 @ 10AM. DRIVER'S LICENSE IS SUSPENDED | | |
| | | FOR 6/MO W/O PERMIT. DEFT AGREES NOT TO APPEAL PTR HEARING DECISION. | | |
| 70 | 4/01/11 | TERMS AND CONDITIONS OF SUSPENDED SENTENCE | | |
| | | PLEA STATEMENT | | |
| 80 | 4/01/11 | ORDER -- DEFT'S DRIVER'S LICENSE IS SUSPENDED FOR 6/MO W/O PERMIT | | |
| 90 | 4/05/11 | $2500 L/S BOND | | |
| | | EXIT BAIL BONDS # 06769 | | |
| | | PO BOX 748 | | |
| | | RUSSELLVILLE, AR | | |
| 100 | 4/07/11 | PROSECUTOR'S REPORT/PENITENTIARY SYNOPSIS | | |
| 110 | 4/07/11 | JUDGMENT AND COMMITMENT ORDER | | |
| 120 | 4/21/11 | FAILURE TO SURRENDER FOR ADC SENTENCE ON 4/15/11 | | |
| | | BENCH WARRANT ISSUED # 2011-2818 | | |
| | | (NO BOND AUTHORIZED) | | |
| 130 | 4/25/11 | FAILURE TO SURRENDER WARRANT RETURN | | |
| | | DEFT ARRESTED 04-23-11 | | |
| 140 | 5/26/11 | CT ADMIN'S LTR TO DEFT | | |
| 150 | 10/17/11 | STATE'S RESPONSE TO DEFT'S MOTION FOR JAIL TIME CREDIT | | |
| 160 | 10/17/11 | ORDER DENYING MOTION FOR JAIL CREDIT | | |
| 170 | 3/08/12 | STATE'S RESPONSE TO DEFT'S HABEAS CORPUS PETITION | | |
| 180 | 3/09/12 | ORDER: DEFT'S HABEAS CORPUS PETITION IS DISMISSED. | | |
| 190 | 4/19/12 | COURT ADMIN LETTER TO DEFT W/COPY OF DEFT'S LETTER ATTACHED | | |

```
DATE: 10/21/13      11:20:31                    CRIMINAL DOCKET                      CASE   CR 11-00071 A F-1

--------------------------------------------------------------------------------------------------------------
        STATE OF ARKANSAS                          ATTORNEYS        OFFENSE                         DATE OF FILING
--------------------------------------------------------------------------------------------------------------
                                                                   MANUFACTURING METHAMPHETAMINE      1/24/11
                                                                   5-64-401, CLASS Y FELONY
     RICKEY EARL HICE                        PUBLIC DEFENDER
OTHER INTERESTED PARTY
EXIT BAIL BONDS # 06769                            BB
--------------------------------------------------------------------------------------------------------------
        REMARKS        DATE OF                    ORDERS OF COURT                         BOOK      PROCESS
                       ORDERS                                                             VOL PAGE  SERVICE
--------------------------------------------------------------------------------------------------------------
     10             1/24/11 INFORMATION FILED
                            PER SCDC: DEFT IN SCDC
     20             1/26/11 ARRAIGNMENT BEFORE JUDGE JAMES O. COX -- PUBLIC DEFT APPT'D/NOT GUILTY
                            WAIVE/$20,000 L/S BOND **TOTAL**
     30             1/26/11 CERTIFICATE OF INDIGENCY/ORDER
                            DEFT'S ADDRESS: 1105 NORTH 37
                                 FORT SMITH, AR 72904
     40             1/28/11 MOTION FOR DISCOVERY FILED BY PUB DEFENDER
     50             2/07/11 $20,000 L/S BOND
                                 GM BAIL BONDS # 004877
                                 222 MAIN STREET
                                 VAN BUREN, AR
     60 *****       4/01/11 DEFT APPEARS W/PD JOHN JOPLIN BEFORE JUDGE STEPHEN TABOR AND PLEADS
                            GUILTY TO POSS DRUG PARA W/INT MANU METH - 'B' FELONY **AMENDED**
                            SENTENCED TO ADC FOR 14 YRS + 6 YRS SIS. JAIL TIME CREDIT. TO RUN C/C
                            WITH CR11-69/70 & PTR SENTENCE. DNA REQ. FEE WAIVED. CAN BE RELEASED
                            IF MAKES NEW SURRENDER BOND OF $2500 L/S. SURRENDER DATE IS 4/15/11 @
                            10AM. DRIVER'S LICENSE IS SUSPENDED FOR 6/MO W/O PERMIT. DEFT AGREES
                            NOT TO APPEAL PTR HEARING DECISION.
     70             4/01/11 TERMS AND CONDITIONS OF SUSPENDED SENTENCE
                            PLEA STATEMENT
     80             4/01/11 ORDER -- DEFT'S DRIVER'S LICENSE IS SUSPENDED FOR 6/MO W/O PERMIT
     90             4/05/11 $2500 L/S BOND
                                 EXIT BAIL BONDS # 06769
                                 PO BOX 748
                                 RUSSELLVILLE, AR
    100             4/07/11 PROSECUTOR'S REPORT/PENITENTIARY SYNOPSIS
    110             4/07/11 JUDGMENT AND COMMITMENT ORDER
    120             4/21/11 FAILURE TO SURRENDER FOR ADC SENTENCE ON 4/15/11
                            BENCH WARRANT ISSUED # 2011-2818
                            (NO BOND AUTHORIZED)
    130             4/25/11 FAILURE TO SURRENDER WARRANT RETURN
                            DEFT ARRESTED 04-23-11
    140             5/26/11 CT ADMIN'S LTR TO DEFT
    150             10/17/11 STATE'S RESPONSE TO DEFT'S MOTION FOR JAIL TIME CREDIT
    160             10/17/11 ORDER DENYING MOTION FOR JAIL CREDIT
    170             3/08/12 STATE'S RESPONSE TO DEFT'S HABEAS CORPUS PETITION
    180             3/09/12 ORDER: DEFT'S HABEAS CORPUS PETITION IS DISMISSED.
    190             4/19/12 COURT ADMIN LETTER TO DEFT W/COPY OF DEFT'S LETTER ATTACHED
```

# PLEA STATEMENT
## Guilty or Nolo Contendere

You have the right to plead not guilty and to be tried before a jury with the burden on the State of proving your guilt beyond a reasonable doubt. At the trial you would have the right to be confronted by the witnesses against you and the right to testify or not testify. If you were found not guilty then you would be released on the charge for which you were tried. If the jury found you guilty then they would fix your punishment. The judge would sentence you and you would have a right to appeal your conviction to a higher court. Neither your attorney nor the court can determine when, or if, you will be paroled. Parole eligibility is determined by statute and is interpreted by the Arkansas Department of Correction.

On the other hand you have a right to plead guilty or nolo contendere to the judge. The meaning of a nolo contendere plea is that while you neither admit nor deny the charge(s), you do not contest the charge(s).

If you elect to plead guilty or nolo contendere the judge can accept the plea only if your answer is "yes" to each of the following questions:

1. Do you fully understand what you are charged with having done?

2. Do you understand the penalty the law provides?

3. Have you discussed your case fully with your attorney and are you satisfied with his services and advice?

4. Has your lawyer explained what a plea of guilty or nolo contendere means and do you fully understand what can happen if you enter this plea?

5. Are you entering your plea of guilty or nolo contendere on your own free will and accord without anyone causing you to do so on account of any promises or threats?

6. If you plead guilty or nolo contendere do you understand that your attorney and the prosecuting attorney have agreed to recommend that  (you be sentenced to)  (imposition of sentence be suspended for)

_____

7. My lawyer and I have discussed the Arkansas Sentence Standards Grid, including:

| SPECIFY OFFENSE: | #1_____ | #2_____ | #3_____ | #4_____ |
|---|---|---|---|---|
| SERIOUSNESS LEVEL OF OFFENSE | _____ | _____ | _____ | _____ |
| CRIMINAL HISTORY SCORE | _____ | _____ | _____ | _____ |
| PRESUMPTIVE SENTENCE | _____ | _____ | _____ | _____ |

Was there a departure from the grid?        Yes _____        No_____

If so, the reasons were explained to me and I understand those reasons.        Yes_____        No_____

Have you talked this over with your attorney and do you accept this as a fair and reasonable arrangement on your part?

Yes_____        No_____

I have read everything on this paper, including my attorney's certificate below. I understand what is being told me, what my rights are, and the questions that have been asked. My answer is "yes" to all questions. I know what I am doing and am voluntarily pleading guilty or nolo contendere.

FILED IN OPEN COURT
THIS _____ DAY OF
APR 1 1 2011
TIME _____ M.
KEN BLEVINS, CIRCUIT CLERK
SEBASTIAN COUNTY ARKANSAS
BY _____ , D.C.

_____
DEFENDANT

## ATTORNEY'S CERTIFICATE

I have carefully gone over this paper with the accused. To the best of my judgment he/she understands all of it and, in particular, the meaning and effect of his/her plea of guilty or nolo contendere. Further, I have advised him/her that the information correctly states the charge(s) and that the judge will find him/her guilty as charged upon a plea of nolo contendere or guilty.

DATE  3 / 31 / 11

DOCKET NO. _____

_____
DEFENDANT'S ATTORNEY

EXHIBIT
2

PENGAD 800-631-6989

TROPHY PRINTING

IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS
FORT SMITH/GREENWOOD DISTRICT

STATE OF ARKANSAS

VS. *RICKEY PRICE*

NO. CR. *2011-69 DXL*
*2011-70 DXL*
*2011-71 PW/ Pro Ins mfj*

FILED IN OPEN COURT
THIS _____ DAY OF _____
TIME _____
KENNETH ___ M.
SEBASTIAN COUNTY, CIRCUIT CLERK
_____ ARKANSAS
DEFENDANT _____ T.O.C.

## TERMS AND CONDITIONS OF SUSPENDED SENTENCE

The Court, having considered the premises, pleading, plea and other matters in accordance therewith:

IT IS ORDERED THAT:

____ IMPOSITION OF THE DEFENDANT'S SENTENCE IS SUSPENDED FOR_____ YEARS

____ DEFENDANT IS HEREBY SENTENCED TO THE ARKANSAS DEPARTMENT OF CORRECTIONS FOR____14____YEARS WITH AN ADDITIONAL SUSPENDED IMPOSITION OF SENTENCE OF_____15____YEARS

on condition of good behavior and the following terms and conditions:

1. Shall not violate any federal, state, or municipal law; work faithfully at suitable employment, support any dependents and meet family responsibilities; refrain from frequenting beer taverns and other places where alcoholic beverages are sold and from consorting or associating with persons with criminal records, bad characters, or persons planning or encouraging the violation of any law; shall not possess or use any firearms; shall not possess or use marijuana, narcotic, or any other drug or controlled substance prohibited by the controlled substance law.

2. Make restitution of $_____ payable at the rate of $_____ per month beginning _____ .

3. Pay a fine of $ _____ and costs of $_____ , jail fee of_____; Drug Task Force fee of_____ to Prosecuting Attorney's office Sebastian County Court House, 901 South B Street, Suite 209, Fort Smith, Arkansas. **INABILITY TO PAY-** 1 am requesting, due to severe and undue hardship, to make installment payments on the fine and/or costs, including a monthly installment fee of $5.00 per payment, payable at the rate of $_____ per month beginning _____ .

4. Placed on supervised probation for_____years and shall report to the Probation Office and follow its lawful rules and regulations; pay _____ per month during the term of supervised probation to the Probation Office commencing _____ and perform_____ hours of community service work (50 to 400 hours) as directed by the Probation Office.

5. Make a good faith effort toward completion of a high school diploma or a General Education Development (GED) certificate.

6. Agree that he/she will not invoke, or attempt to invoke, any provisions of the federal bankruptcy laws in order to discharge his/her responsibility to pay fines, costs or restitution ordered.

7. Agree that he/she will freely, voluntarily, and without compulsion, waive extradition to the State of Arkansas and I also agree that I will not contest any effort by any state of the United States to return me to the State of Arkansas

8. Is assessed the sum of $100.00 pursuant to Arkansas Code 16-87-213 to be paid to the Prosecuting Attorney's Office, upon the plea or conviction of the defendant, to be forwarded to the Public Defender User Fee Fund. *Stpo To 25 Es Vim f 41 15/11 of P 2*

9. OTHER CONDITIONS: No contact with_____ no offensive contact with *Stpo To 25 Es Vim f 41 15/11 of P 2*
*majvnneenn AP, US 2011 / OPN if more woo Bur*
*Ce. 1 closed Bnton - Not APR/A (Not Appeal PM)*

THE VIOLATION OF ANY ONE OF THESE TERMS AND CONDITIONS CAN RESULT IN YOUR BEING SENTENCED TO IMPRISONMENT IN THE DEPARTMENT OF CORRECTIONS FOR A TERM OF NO MORE THAN _____50____ YEARS AND/OR FOUND GUILTY OF CONTEMPT OF COURT AND SUBJECT TO PUNISHMENT AS ORDERED BY THE COURT.

I have read the above terms and Conditions of Suspended Sentence, have discussed the contents with my attorney, have received a copy and accept all condition of the Court, I understand the failure to follow one or more conditions of this Order can result in the revocation of my suspended sentence or a finding of contempt of court. Separate and apart from these terms and conditions, I hereby waive any right I may have to contest extradition from any jurisdiction.

CIRCUIT JUDGE _____

DEFENDANT _____

DOB: _____ SS#: _____

ADDRESS: _____

_____

ATTORNEY FOR DEFENDANT

**TROPHY PRINTING**          **COURT-White**      **DEFENDANT-Green**      **SHERIFF'S OFFICER-Canary**      **PROBATION DEPT.-Pink**      **DEFENSE COUNSEL-Gold**

IN THE CIRCUIT COURT OF Sebastian County, ARKANSAS

FILED

Criminal VI Division

2012 MAR -5 PM 4 58

CIR. CLERK SEB.

Rickey Hice _____ PETITIONER

VS.                           NO. CR-2009-984

STATE OF ARKANSAS                    RESPONDENT

### HABEAS CORPUS PETITION
### (ACA § 16-112-101-123)

Comes now the Petitioner, Rickey Hice _____, ADC #149969 ,
and for his/her pro se Habeas Corpus Petition for absolute dismissal of the criminal conviction
against him/her, alleges and states:

1.      That Petitioner, an indigent, is a prisoner in custody of the Arkansas Department of
Correction, Wrightsville Unit, under sentence of the Circuit Court of
Sebastian County, Arkansas, having been sentenced on March 30 ,
20 11 , for conviction of a felony.

2.      That said conviction was based on an information or warrant filed against
Defendant/Petitioner on or about July 22, , 2009, accusing the
Defendant/Petitioner of the offense(s) of Delivery of Counterfeit
Substance ,
in violation of Ark. Code Ann. 5-64-401 , a class B felony.

3.      That Petitioner is being held unlawfully and this Court has jurisdiction pursuant to
the Arkansas Constitution and Arkansas Code Annotated 16-112-101, et seq.

4.      That the Trial Court lacked jurisdiction and/or the Petitioner is held pursuant to an
invalid conviction. Petitioner bases this allegation upon the following facts:

I got a 15 year sentence for a PTR. I was
told that I would do 1/2 which is three and a half
years of my sentence. I got to ADC on
9-21-11. They told me I had to do 70%
of my time which I didn't sign for.

EXHIBIT

3

PENGAD 800-631-6989

5.      That Petitioner is entitled to have the conviction dismissed with an absolute bar to prosecution.

WHEREFORE, Petitioner prays this Court enter an order dismissing his/her conviction with prejudice; to set a hearing on the motion herein; to appoint an attorney for Petitioner for such hearing, and for all relief which may be just and proper.

Respectfully submitted,

x _____

Petitioner, pro se

ADC # _14 5 86 5_

_Wrightsville_ Unit

Arkansas Department of Correction

_Wrightsville_, AR _72183_

STATE OF ARKANSAS        )
                          ) SS
COUNTY OF _Pulaski_      )

SUBSCRIBED AND SWORN TO BEFORE ME, a Notary Public, on this _02_ day of _March_, 20 _12_.

_____
NOTARY PUBLIC

My Commission Expires: _March 12, 2018_

GEORGE CHRISTOPHER BELT
NOTARY
My Comm Expires
MARCH 12 2018
#12364821
PUBLIC
PULASKI COUNTY ARK

## CERTIFICATE OF SERVICE

This is to certify that on this $\underline{2}$ day of $\underline{March}$ , 20$\underline{12}$ , a copy of the
foregoing motion was mailed to the Prosecuting Attorney for $\underline{Sebastian}$ County.

$\underline{Rickey Hice}$
PETITIONER
ADC # $\underline{149969}$

FILED
FT. SMITH DIST.

2012 MAR 9 AM 9 49

IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS
FORT SMITH DISTRICT, _CIRCUIT_ _CLERK_ _SEB._ CO.
CRIMINAL DIVISION

STATE OF ARKANSAS                                    PLAINTIFF

VS.                        CASE NO CR-2009-84
                                    2011-69
                                    2011-70
                                    2011-71

RICKEY HICE                                          DEFENDANT

## ORDER

Comes now the Court on this ___9th___ day of March 2012, and after being sufficiently

advised, finds:

1.      That the Defendant was found to have violated his PTR on March 30, 2011, and then

plead guilty on April 1, 2011 to the offenses of Delivery of Methamphetamine (2 Counts) and

Possession of Drug Paraphernalia with Intent to Manufacture Methamphetamine.

2.      That at the time of the plea the Defendant was incarcerated in the Sebastian County

Detention Center.



*CR-200900984-A-F*

EXHIBIT
4

3.      That the first the Defendant received 15-year sentence on his PTR, and that he received a

14-year sentence on the underlying cases all to run concurrently.


4.      That though the Defendant states he was told that he would do ½ of his time and that

would be 3 years.  The court also finds that the Defendant's math is incorrect ½ of 15 years

would be 7 and ½ years and ½ of 14 years would be 7 years.  Ultimately the Defendant is correct

in his statement at least as to what ADC has told him about 70%.  The Defendant plead to

Possession of Drug Paraphernalia with Intent to Manufacture Methamphetamine.  This is a 70%

offense, which can be reduced to 50% with good time credit.  However, none of this is an

appropriate basis for a Habeas Corpus petition.

          THEREFORE it is ordered and adjudged that the Defendants Habeas Corpus Petition is

hereby dismissed for the reasons stated above.


_____
James O. Cox
Circuit Judge


cc: Hon. Jason Hunter, Deputy Prosecuting Attorney
    Mr. Ricky Hice, #149969, Wrightsville Unit, ADC, Wrightsville, AR 72183

**PLEA DISPOSITION SHEET**

Date: APR 0 1 2011   Division: I   V   VI

*CR-201100069-A-F*

*00060*

Case No(s).

CR11·69

11·70

11·71

**Defendant** Rickey Earl Hice _____ appears with his **Attorney**,
**Defense Attorney** John Joplin _____, before this Honorable Court and pleads ✓ **Guilty** _____ **Nolo Contendere** to :

CR11·69: Del Meth - Y Felony
11·70: Del Meth - Y Felony
11·71: Poss Drug Para w/int manu meth - 'B' Felony *Amended

**THE ORDER OF THE COURT:**

Imposition of sentence withheld for _____ year(s) on condition of good behavior; **or**

Sentenced to **ADC** _____ serve at **RCF**

14 year(s) plus 15 year(s) suspended imposition of sentence on Y Felony
14 year(s) plus 6 year(s) suspended imposition of sentence on B Felony
_____ year(s) plus _____ year(s) suspended imposition of sentence on _____
_____ Sentenced 1 yr county jail for misdemeanor, time satisfied by ADC Sentence

_____ **OTHER:** _____

_____ **May Petition** to have **Expunged** per applicable statute

**Jail time credit** ✓ **Concurrent with** each other 3 PTR or **Consecutive to** _____

**Restitution** $_____ at $_____ per mo. beg. _____ ; or after PD Fee _____

**Fine** $_____ **court costs** $_____ **Jail Fee** $_____ **Drug Task Force Fee** $_____ to Pros Atty at the rate of $_____ per mo. beg _____ ; or after **Restitution** _____ **PD Fee** _____

✓ **DNA Required** _____ **Fee From Fine** ✓ **Waived** **DNA sample required on felony convictions**

_____ Deft to **REGISTER AS SEX OFFENDER** _____ Participate/Abide by DCC Sex Offender Program

_____ **Restitution JOINT/SEVERAL** with co-defendants _____ Advised/Agrees to taking **Non-Citizen of US Plea**

_____ Placed on Adult probation for _____ pay $25/mo. fee beg. _____ . Perform _____ hrs Community Service

_____ **To Surrender** _____ , allowed to **Remain on Same Bond**; or

✓ Can be released if makes new **Surrender Bond** $2,500 L/s 4·15·11 @ 10am

_____ **Report Daily,** allowed _____ **Bond or** _____ Placed on **Electronic Monitoring** til bedspace available

_____ **Attend** _____ **Mtgs** per week for _____ mos / yrs , provide Progress Reports to _____ Pros Atty _____ Court

_____ **Obtain G.E.D.** _____ thru DCC,start w/i _____ days w/proof to Prosecutor _____ **Victim Approves**

✓ **Driver's license suspended** 6 mos. ✓ w/o permit ** mandatory suspension of driver's license on drug charges **
_____ w/permit to _____

_____ Assessed $100 PD Fee to be forwarded to PD User Fee Fund _____ @ $50/mo beg _____

_____ Based on plea herein, **PTR** w/drawn in _____

Other Conditions: No contact w/ _____ no **offensive contact** w/ _____

* Deft agrees not to appeal PTR Hearing decision *

**CLERK'S CERTIFICATE**

I certify that the above information is a true transc[...] date in the Circuit Court of Sebastian County, Arkansas.

EXHIBIT
5

Cassie Vega, D.C.

FILED
FT. SMITH



**DANIEL SHUE**
PROSECUTING ATTORNEY
TWELFTH JUDICIAL DISTRICT
SEBASTIAN COUNTY COURTS BUILDING
901 SOUTH B STREET, SUITE 209
FORT SMITH, ARKANSAS 72901
GENERAL OFFICE 479-783-8976
479-784-1554 (Restitution)      479-783-1069 (Hot Checks)

2011 APR 7 PM 1 5
Cassie Vega
CIR CLERK SEB CO

Rickey Earl Hice
CR-2011-69,70,71

## PROSECUTOR'S REPORT/PENITENTIARY SYNOPSIS

NAME: <u>RICKEY  EARL  HICE</u>  DOB: <u>5-1-1958</u>  SS#: <u>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</u>  CASE #: <u>CR-2011-69,70,71</u>

OFFENSE: <u>DELIVERY OF METHAMPHETAMINE</u>          SENTENCE <u>14 YRS PLUS 15 YRS SUSPENDED</u>
OFFENSE: <u>DELIVERY OF METHAMPHETAMINE</u>          SENTENCE <u>14 YRS PLUS 15 YRS SUSPENDED</u>
OFFENSE: <u>POSS. DRUG PARAPHERNALIA W/INTENT</u>
        <u>MFG. METHAMPHETAMINEI (AMENDED)</u>          SENTENCE <u>14 YRS PLUS  6 YRS SUSPENDED</u>

<u>VICTIM NOTIFICATION REQUEST</u>                                    <u>PAROLE NOTIFICATION</u>

_____ NOTIFY VICTIM THROUGH PROSECUTOR'S OFFICE    <u>OR</u>    _____ NOTIFY VICTIM AT THIS ADDRESS

<u>PROSECUTOR'S SYNOPSIS OF CRIME</u>

In CR 10-69 & CR 10-70 on the date allege the Δ delivered Methamphetamine to a CI working in coperation with FSPD.

In CR 10-71 The Δ was arrested on the above charges and admitted to buying components for the making of Methamphetamine earlier in the day.

_____
DEPUTY PROSECUTING ATTORNEY

_____
CIRCUIT JUDGE

*CR-201100069-A-F*

*00100*

thu  5/19/11

MR. COX,

I went to court on March 30th 2011 for p.T.R. in your courtroom Never recieved any paper work, Now on April 1st I went to Judge tabors court for my pending charges, my judgement & commitment shows all my 14 yr sentences ran concurrent yet the 15.yr P.T.R. is not in with it? I have one set of judgement & commitment states

deliv. of meth     cr 2011-69
del. of meth      cr 2011-70
poss drug para    cr 2011-71
concurrent w/ each & p.Tr, in cr 2009-984

total time  168 months

168 months is   14 yrs  nor   15 yr.
So how much time am I doing  14 or 15 yr?

Rickey Hice

I RICKEY HICE     CR. 2011-6970-71
                  CR 2009-984

I SOT SENTENCE FOR 180 MonThs
AND FOR 168-168 168
ON MARCH 30 2011 FOR 180 months
ON APRIL 2011 FOR 168.168-168
TO BE CONCURRENT W/EACH OTHER, PTR
In 2009-984 ON APRIL 23-2011
I STAIL in SAIL F DID not
SET CREDIT FOR ANY SAIL
TIME FROM 30 OF MARCH
TELL now I STAIL in SAIL
FOR 6 MOUNTHS AFTER I SOT
SENTENCING CAN YOU SAIVE
ME MY TIME THANK YOU

Rickey Hice

149969